IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ALDEN PAULINE, #A0256259, | ) | CIVIL NO. 09-00520 SOM-KSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | SCREENING ORDER DIRECTING |
| vs. | ) | SERVICE AND DENYING REQUEST |
| | ) | FOR TEMPORARY RESTRAINING |
| DR. DEWITT, DR. BAUMAN, DR. | ) | ORDER |
| S. MISHNER, WESLY MUN, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**SCREENING ORDER DIRECTING SERVICE AND DENYING REQUEST FOR
TEMPORARY RESTRAINING ORDER**

Before the court is pro se Plaintiff Alden Pauline's
prisoner civil rights Complaint brought pursuant to 42 U.S.C.
§ 1983.[1]  Plaintiff names Dr. DeWitt, Dr. Bauman, Dr. S. Mishner,
and Wesley Mun as defendants to this action (collectively,
"Defendants").  Plaintiff alleges that he is being denied medical
care and was unfairly placed on suicide watch.  The court has
screened the Complaint pursuant to 28 U.S.C. § 1915A(a) and
DISMISSES Defendant Mun, for Plaintiff's failure to state a claim
against him.  Insofar as Plaintiff's Complaint requests a
temporary restraining order, or other immediate injunctive
relief, that request is DENIED.  Service is appropriate for
Defendants DeWitt, Bauman, and Mishner.  The U.S. Marshal is

---

[1]Plaintiff has accumulated three strikes pursuant to 28
U.S.C. § 1915(g).  (*See* Doc. #5.)  The court has provisionally
granted Plaintiff's *in forma pauperis* (IFP) application, and that
decision remains in effect subject to such later adversarial
motions seeking revocation as may be filed.

DIRECTED to effect service on these Defendants as set forth below.

## I.  <u>BACKGROUND</u>

Plaintiff's Complaint is difficult to comprehend.  In Count I, Plaintiff says that he was transferred from Oahu Community Correctional Center ("OCCC") to Halawa Correctional Facility ("HCF").  Plaintiff claims that his medical records, which were transferred from OCCC, show that he has a testicular infection and needs medical treatment.  Plaintiff alleges that he is urinating blood and is in "big time" pain.  (Compl. 5 ¶ 3.) Plaintiff claims that Drs. DeWitt and Bauman refuse to provide him with medical treatment or medication for his pain.

In Count II, Plaintiff states that he arrived at HCF on September 9, 2009, "requesting . . . medical treatment d[ue] to being in big time pain."  (Compl. 6 ¶ 3.)  Plaintiff says that Dr. Mishner, apparently a prison mental health provider, put him on suicide watch because she believed he had been on suicide watch at OCCC.  Plaintiff states that this was not so; he claims he was in special holding at OCCC, not on suicide watch. Plaintiff complains that there was no mattress or blanket provided in the suicide watch cell, which caused him further pain in his testes.

In Count III, Plaintiff reiterates that he arrived at HCF on September 9, 2009, and alleges that he was not seen by an

"HCF Dr." for twenty-five days, or until October 4, 2009.
(Compl. 7 ¶ 3.)  Plaintiff claims that, even after seeing a
prison doctor, "[they] still do not want to provide me meds for
the infection or to provide me meds for the pain in my testes."
(*Id.*)  Plaintiff also reiterates his claims against Dr. Mishner.

On November 3, 2009, the court held a status conference
to clarify Plaintiff's claims and determine whether he was in
imminent danger of serious physical injury when he filed the
Complaint.  *See* 28 U.S.C. § 1915(g).  At the hearing, although
Plaintiff made clear that he has, in fact, seen HCF medical
personnel since his transfer to HCF, including Dr. Paderes, it
remained unclear *when* he saw medical personnel, and what
treatment or diagnosis he was given.  It was therefore unclear
whether Plaintiff was in imminent danger of serious physical
injury on October 28-29, 2009, when he submitted his Complaint
for filing, or whether he was being medically monitored and was
receiving care, but simply disagreed with that care.  In an
abundance of caution, the court continued Plaintiff's IFP status,
until such time as Defendants are served with the Complaint and
decide whether a motion for revocation of IFP is appropriate.

## II. <u>LEGAL STANDARD</u>

The Prison Litigation Reform Act of 1995 ("PLRA")
requires federal courts to screen all complaints brought by
prisoners seeking relief against a governmental entity or an

officer or an employee of a governmental entity.  28 U.S.C.
§ 1915A(a).  The court must dismiss a complaint or portion
thereof if a plaintiff raises claims that are legally frivolous
or malicious, fail to state a claim on which relief may be
granted, or seek monetary relief from a defendant who is immune
from such relief.  28 U.S.C. § 1915A(b)(1-2), § 1915(e)(2).

A complaint fails to state a claim on which relief may
be granted if a plaintiff fails to sufficiently allege the
"grounds" of his "entitlement to relief."  *Bell Atl. Corp. v.
Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted); *see also
Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) (dismissing civil
rights complaint); *Moss v. U.S. Secret Serv.*, 572 F.3d 962 (9th
Cir. 2009).  In *Iqbal*, the Court clarified that, "bare assertions
. . . amount[ing] to nothing more than a 'formulaic recitation of
the elements' of a constitutional discrimination claim," are not
entitled to an assumption of truth.  129 S. Ct. at 1951 (quoting
*Twombly*, 550 U.S. at 555).  These types of claims should not be
disregarded because they are "'unrealistic or nonsensical,'" but
because they are simply legal conclusions, even if they "are cast
in the form of a factual allegation."  *Moss*, 572 F.3d at 969
(quoting *Iqbal*, 129 S. Ct. at 1951).

"[A] complaint must contain sufficient factual matter,
accepted as true, to 'state a claim to relief that is plausible
on its face.'"  *Iqbal*, 129 S. Ct. at 1949  (quoting *Twombly*, 550

4

U.S. at 570).  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950.  Even if a plaintiff's specific factual allegations may be consistent with a constitutional claim, the court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 1951.  "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss*, 572 F.3d at 969 (quoting *Iqbal*, 129 S. Ct. at 1949).

If a pleading can be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action.  *See Lopez v. Smith*, 203 F.3d 1122, 127-29 (9th Cir. 2000) (*en banc*); *Moss*, 572 F.3d at 971.  The court should not, however, advise the litigant how to cure the defects.  This type of advice "would undermine district judges' role as impartial decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies).

### III. <u>DISCUSSION</u>

"To sustain an action under section 1983, a plaintiff must show '(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right.'" *Hydrick v. Hunter*, 500 F.3d 978, 987 (9th Cir. 2007) (citation omitted); *West v. Atkins*, 487 U.S. 42, 48 (1988).

### A.   Defendants' Capacities

Plaintiff does not specify in what capacity he sues Defendants. Plaintiff, however, only seeks injunctive relief, in the form of an immediate court proceeding ordering medical treatment for his infection and pain. When it is unclear whether a defendant is sued in an official or an individual capacity, or both, a court should examine the nature and course of the proceedings to determine the capacity in which that defendant is sued. *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985). As a government employee has the authority to act on behalf of the government and initiate the changes needed to carry out injunctive relief in his or her official capacity only, the court construes the Complaint as naming Defendants in their official capacities.[2]

---

[2]This is not to say that Plaintiff cannot amend the Complaint later to allege damage claims against Defendants in their individual capacities. That question is not before the court at this time. The court, however, will not read into the Complaint more than is presented by Plaintiff.

**B.   Defendant Mun is Dismissed**

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Each allegation of the pleading must be "simple, concise, and direct."  Fed. R. Civ. P. 8(e)(1).  Although the Federal Rules adopt a flexible pleading policy, a complaint must provide each defendant with fair notice of the claims alleged against him or her and must contain factual allegations that state the elements of each claim plainly and succinctly.  *Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984).

Section 1983 plainly requires that there be an actual connection or link between a defendant's actions and the alleged deprivation suffered by a plaintiff.  *See Monell v. Dep't of Soc. Serv.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). In other words, "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Although Plaintiff names Mun in the Complaint's caption, he never mentions Mun again.  Plaintiff therefore fails to provide any details tying Mun to any of his claims.  Moreover,

the gravamen of Plaintiff's Complaint is that he is or was denied
medical care and was improperly housed in a suicide cell.
Plaintiff carefully identifies the other Defendants as
physicians.  As such, they presumably had the authority to give
or withhold medical care, or to order Plaintiff's placement on
suicide watch.  Plaintiff does not identify Mun as a physician,
nor does he provide any details as to Mun's position at HCF.
Plaintiff does not explain how Mun violated his rights by denying
him medical care or improperly housing him in the suicide cell.
Plaintiff fails to state a claim against Mun because he does not
provide fair notice of his claims against him.  Accordingly, Mun
is DISMISSED.  It is possible that Plaintiff can allege facts
tying Mun to his claims.  Plaintiff is therefore granted leave to
amend the Complaint on or before December 7, 2009.

C.   **Plaintiff's Request for Immediate Injunctive Relief**

          Insofar as Plaintiff requests immediate injunctive
relief, presumably requiring Defendants DeWitt, Bauman, or
Mishner to treat him, that request is denied.

          To obtain a temporary restraining order or preliminary
injunction, the moving party must demonstrate "either: (1) a
likelihood of success on the merits and the possibility of
irreparable injury; or (2) that serious questions going to the
merits were raised and the balance of hardships tips sharply in
[the moving party's] favor." *Lands Council v. Martin*, 479 F.3d

8

636, 639 (9th Cir. 2007) (citing *Clear Channel Outdoor Inc. v. City of L.A.*, 340 F.3d 810, 813 (9th Cir. 2003)).

Plaintiff admitted at the hearing that he is no longer on suicide watch in a suicide cell and that he was seen by Dr. Paderes on or about October 4, 2009. Plaintiff also agreed that Dr. Paderes is not refusing to see or treat him. Plaintiff also stated that HCF nurses and a "psych doctor" had, at least, examined his allegedly swollen testicle. Moreover, Dr. DeWitt testified under oath, after reviewing Plaintiff's medical chart, that Dr. Paderes has prescribed Plaintiff Elavil, a medication used to treat chronic pain, and Plaintiff did not dispute this. For these reasons, Plaintiff is unable to show either irreparable injury or a balance of hardships tipping sharply in his favor. An order for immediate injunctive relief is not justified, and the request is DENIED.

## D.   Directing Payment of Filing Fee

Plaintiff has been granted IFP status. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is required to pay the entire filing fee of $350.00 for this action, albeit in installment payments as funds become available. Because, Plaintiff has a negative balance in his prison trust account, no initial partial filing fee is required. When funds become available, Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to his account. These payments

shall be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in Plaintiff's account exceeds $10.00, until the filing fee is paid in full.  *See* 28 U.S.C. § 1915(b)(2).

**E.    Directing Service of the Complaint**

Having granted the IFP application, the court orders the Complaint served on Defendants DeWitt, Bauman, and Mishner. Defendants are ORDERED to file an Answer or other responsive pleading to the Complaint within the time allowed under Fed. R. Civ. P. 12(a).

## IV.   CONCLUSION

IT IS HEREBY ORDERED that:

1.   The Director of the Hawaii Department of Public Safety, Corrections Division, or his designee, shall collect from Plaintiff's prison account monthly payments in an amount equal to twenty percent of the preceding month's income credited to Plaintiff's prison account and shall forward those payments to the Clerk of the Court each time the amount in the account exceeds $10.00 in accordance with 28 U.S.C. § 1915(b)(2) until a total of $350.00 has been collected and forwarded to the Clerk of the Court.  THE PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

2.   Defendant Wesly Mun is DISMISSED for Plaintiff's failure to state a claim against him.  *See* 28 U.S.C.

10

§ 1915(e)(2)(B)(ii).  Plaintiff may file an Amended Complaint on or before December 7, 2009, alleging facts tying Mun to his claims and plausibly showing that Mun violated his constitutional rights.

3.    If Plaintiff decides to file an Amended Complaint, it must be complete in itself without reference to the superseded pleading.  *See* Local Rules of the District of Hawaii, LR 10.3. Defendants not named and claims not re-alleged in the Amended Complaint will be deemed to have been waived.  *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

Plaintiff is NOTIFIED that the Amended Complaint may not expand his claims to add new defendants or claims that are unrelated to the claims set forth in the original Complaint.  *See* Fed. R. Civ. P. 15(c)(1)(B)[3] & 18(a).[4]  In other words, the Amended Complaint may not include unrelated claims against unrelated defendants, based upon separate factual scenarios, that occurred at different times and places.  *See Aul v. Allstate Life Ins. Co.*, 993 F.2d 881, 884 (9th Cir. 1993) ("A claim based on

---

[3]Rule 15 provides that an amendment relates back to an original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out -- or attempted to be set out -- in the original pleading[.]"

[4]Rule 18(a) provides that: "A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.'

different rights and established by different transactional facts
will be a different cause of action."); *George v. Smith*, 507 F.3d
605, 607 (7th Cir. 2007) (holding that unrelated claims against
different defendants belong in different suits, not only to
reduce confusion, but also to ensure that prisoners pay the
required filing fees pursuant to the PLRA, and to deter their
filing frivolous suits or appeals with impunity).

        4.   The Clerk is directed to serve a copy of this order on
Plaintiff, on the Warden or Business Officer of the Halawa
Correctional Facility, on Thomas Read, Offender Management
Program Officer, Department of Public Safety, at 919 Ala Moana
Blvd., Honolulu, Hawaii, 96814, on John Cregor, Department of the
Attorney General, 425 Queen Street, Honolulu, Hawaii, 96813, and
on the United States Marshals Service, at 300 Ala Moana Blvd.,
Room C-109, Honolulu, HI  96850-0229.

        5.   To expedite service of the Complaint, the court
completes the necessary service documents on Plaintiff's behalf.
The Clerk is directed to complete a summons, a USM-285 form,
three [3] Notice of Lawsuit and Request for Waiver of Service for
Summons forms (AO 398), three [3] Waiver of Service of Summons
forms (AO 399), one each for Defendants DeWitt, Bauman, and
Mishner.  These documents shall be addressed to Thomas Read, DPS
Offender Management Administrator, 919 Ala Moana Blvd., 4th Floor
Honolulu, HI 96814, who is authorized to accept a single

complaint, summons, and USM 285 form for employees of the Department of Public Safety.  Once completed, the Clerk shall submit these documents with a copy of the endorsed Complaint to the U.S. Marshals Service.

6.  Upon receipt of the above-mentioned documents and a copy of this order, the U.S. Marshal shall serve a copy of the endorsed Complaint, completed Notice of Lawsuit and Request for Waiver of Service form (AO 398) and completed Waiver of Service of Summons form (AO 399) on Defendants DeWitt, Bauman, and Mishner, pursuant to Fed. R. Civ. P. 4 without payment of costs.

7.  The U.S. Marshal is directed to retain the sealed summons and a copy of the Complaint in his file for future use. The U.S. Marshal shall file returned Waiver of Service of Summons forms, as well as any requests for waivers that are returned as undeliverable, as soon as they are received.

8.  If a Waiver of Service of Summons form is not returned by a Defendant within sixty days from the date of mailing the request for waiver, the U.S. Marshal:

a.  Shall personally serve that Defendant with the above-described documents pursuant to Fed. R. Civ. P. 4 and 28 U.S.C. § 566(c) and shall command all necessary assistance from the Department of Public Safety for service on Department of Public Safety employees, to execute this Order.

b.  Within ten days after personal service is effected, shall file the return of service for that Defendant, along with evidence of any attempts to secure a waiver of service of summons and of the costs subsequently incurred in effecting service on said defendant.  Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and Complaint and for preparing new USM-285 forms, if required.  Costs of service will be taxed against the personally served Defendant in accordance with the provisions of Fed. R. Civ. P. 4(d)(2).

9.  Defendants shall file an answer or other responsive pleading to Plaintiff's Complaint within sixty [60] days after the date on which the request for waiver of service was sent (if formal service is waived), or twenty [20] days if service is not waived.  Failure to do so may result in the entry of default judgment.

10. If Defendants determine that a motion to revoke *in forma pauperis* status is warranted, Defendants shall file such a motion within  **forty-five [45]** days of service of the Complaint.  The court will thereafter set a schedule for Plaintiff's opposition and determine whether a hearing on the motion is required.

11.  Plaintiff shall keep the court informed of any change of address by filing a "NOTICE OF CHANGE OF ADDRESS."  The notice shall contain only information about the change of address, and

14

its effective date.  The notice shall not include any requests
for any other relief.  Failure to file the notice may result in
the dismissal of the action for failure to prosecute under Rule
41(b) of the Federal Rules of Civil Procedure.

12.  Plaintiff is NOTIFIED that, until the Complaint is
served, and Defendants' attorney files a notice of appearance in
this case, Plaintiff may not file any motion with the court,
other than a motion for appointment of counsel.

13.  After service of the Complaint, Plaintiff shall serve a
copy of all further pleadings or documents submitted to the court
upon Defendants or their attorney(s).  Plaintiff shall include,
with any original paper to be filed with the Clerk of Court, a
certificate stating the date that an exact copy of the document
was mailed to Defendants or their counsel.  Any paper received by
a District or Magistrate Judge that has not been filed with the
Clerk of Court or that does not include a certificate of service
will be disregarded.

14.  Plaintiff's request for immediate injunctive relief is
DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, November 5, 2009.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

*Pauline v. Dewitt, et al.*, Civ. No. 09-00520 SOM-KSC; SCREENING ORDER
DIRECTING SERVICE AND DENYING REQUEST FOR TEMPORARY RESTRAINING ORDER, prose
attys\screening \dmp\2009\Pauline 09-520 SOM (srv C.)